We will hear argument next this morning, Case 17-8995, Mott v. United States. Ms. Malone. Mr. Chief Justice, and may it please the Court, when Congress uses plain, ordinary words in a statute, the words should be read accordingly. The language of Section 3624e's tolling provision is both plain and unambiguous. The use of the phrase is imprisoned in connection with a conviction for a crime has meaning derived from the language of the statute, its enabling legislation, and other statutory provisions in cases which make clear its meaning. The manner in which Section 3624e is interpreted by the Sixth Circuit alters the plain meaning of the statute. By interchanging imprisonment with official detention, the purpose and meaning of the provision reaches beyond the intent of Congress. Well, of course, you got the benefit of that period in the actual sentence of conviction. I mean, that was credited to his sentence, right? Yes, Your Honor. The period of conviction that he is presently serving in the Ohio is he did get a benefit from that pretrial and official detention. Yes. It was treated as if it were part of the sentence. In Ohio, what happens when a defendant is sentenced is that the State judge is required to apportion pretrial or official detention towards the credit of the sentence. It is not imprisonment. It is a credit that goes towards the days that a person has to spend in imprisonment. In this case, Mr. Mott received 300 days for one of his cases and 305 days for his other case, notwithstanding the fact that he was not held in detention on the second case. I thought the purposes of pretrial detention were for security issues, were protecting the community from the danger the defendant may pose, correct? That's correct. And so I'm assuming your argument is that that period of safety is not a period for conviction. The credit is just a credit. It's not the purpose for the detention. Yes, Your Honor. That is exactly the point, because when a person is in official detention, they are being held because they are seen as either a flight risk or a risk to the danger of the community. When a person is imprisoned, on the other hand, the purpose of imprisonment, as it is embodied in Section 3553, it's as the four reasons for imprisonment is punishment, retribution, rehabilitation, and incapacitation. Those are the reasons that the reasons why imprisonment is markedly different than official detention. If we look at it, suppose somebody is sentenced to five years in prison and has been in detention for one year, and the judge says, I'm sentencing you to five years in prison, but I'm giving you credit for the year in which you were detained prior to trial, isn't that person imprisoned during that first year? No, Your Honor. The person is officially detained during the first year. They were given credit towards the five-year sentence, so that now that they will only have to serve four of the five years, but those four years will be the imprisonment term that they will actually serve. But suppose the statute said that upon conviction of this offense, the defendant shall be sentenced to five years imprisonment, no discretion for the judge. But the person has been in detention for a year. Does that mean that the judge cannot credit that person for the one year spent in official detention because that person wasn't imprisoned at that time? No. The person can be credited towards the imprisonment. The sentence announced by the district court judge would be the sentence that was a mandatory sentence under your scenario. It would be a five-year sentence. Once the person reaches the custody of their jailer, either the BOP or if it's a local or state jail, then that entity will grant the credits, just as in 3585 directs the Bureau of Prisons to grant custody credits. Those credits... Roberts And what would you say the granting of that period was in connection with? That's the language of the statute. I understand your is-imprisoned argument, but it's in connection with the conviction. So he's given credit for that period in connection with the conviction, right? He has given credit for the period, but the credit is to the term of imprisonment, not to his official detention. But it's the term of imprisonment in connection with the conviction. It's got to be in connection with the conviction or it wouldn't be nothing to credit it to. That is correct. And the reason why it is not credited as the reason why it is credited as official detention and given credit after a sentence is exactly that. That is after a sentence is imposed. Pretrial or official detention does not punish. Pretrial and official detention was never intended. And this Court has stated in U.S. v. Salerno that pretrial detention is regulatory. It is not penal. So even if a person is granted official detention time and granted custody credits, those custody credits are not the same is-im. They're not the same being as a term of imprisonment. They're handled separately. Ginsburg. The person is in prison. He's not at liberty. And he is given credit for that time against the sentence of conviction. I really don't follow what you seem to be saying. It is not imprisonment, even though the court sentence treats it as it is imprisonment for the conviction? This is what I am trying to say, Justice Ginsburg. When a person is sentenced to, we'll take Mr. Chief Justice's argument and five year sentence. If the person has spent one year in official detention prior to his custody, prior to his sentencing, then that year that they spent may be given as credit towards the sentence. It is not the same thing as the sentence, the remainder of the sentence that the defendant has to serve. He was imprisoned for detention purposes' safety, not for his conviction. That is correct. So you're back to is imprisoned. That's correct, Your Honor. And my colleagues are saying there are two textual clues here. One is the present tense of the statute, which favors you because is imprisoned for what purpose? It's not for the purpose of the conviction. He is being held for safety, safety concerns or flight concerns, whatever, not because of a conviction yet. And on the other side is imprisonment in connection with a conviction. And the Chief and Justice Ginsburg are saying that language favors the other side's reading because once you're given the credit, that credit shows a connection with the conviction. That's the argument. Now the question for me is what breaks the tie? Why, if there's a tie between those two textual clues, I should elect your reading and not their reading? If there is a tie, then my reading of the statute. I didn't say there was. I'm assuming it, but. Assuming there's a tie, my reading of the statute is that you cannot separate imprisonment with conviction. And the connecting phrase, in connection with, is a broad phrase. But the limiting terms are imprisoned and it says is imprisoned, which is important because that connotes present tense, that connotes something that's happening right at the moment that you're looking to see, if you take a snapshot of the time that you're determining whether or not supervised release is told, then that snapshot is the imprisonment that is contemplated by the statute. Now, that's true, and that's, it raises a very interesting question. Why is that the point at which we look at this? Congress enacts a statute, all right? The statute is going to apply in the future. It wants to describe something that it anticipates will occur in the future. Isn't it natural for it to use the present tense? So let's say some, an employer adopts a rule that says, going forward, if employees work on the weekend, they will get an employee who works present tense on the weekend gets overtime. Now, what do we read into that, it's how you describe something that is going to occur on a recurring basis in the future. So it's natural to use present tense. Why does it, why do we infer from that that you're going to examine this person's status in jail in real time and ask, okay, today what is he doing? Tomorrow, what is he doing? You see what I'm saying? Yes, Your Honor, I do understand what you're saying, and perhaps it would be easier to look at how official detention is, is, is established and the reasons for granting credits. And the reason for granting a credit for official detention in, in, in the scenario used by the Sixth Circuit was that I can look back to see where he was at that specific time, but only if the district court or a state court judge has apportioned that official detention as credit for the sentence. So what the Sixth Circuit did was require a looking back. They did not use the present tense of, of the, of the, of the statute. They looked back and said whether or not, and they had to wait until the person was sentenced. So there's a lot of uncertainty involved because in any given moment, and this is why it's important to take that snapshot approach, because at any given moment a person may indeed not be detained. There's no guarantee that a person remains in, in official detention. State courts regularly release defendants, re, re-arrest them and re-imprison them, and there's no way a district court looking to violate someone on supervised release can know whether or not that official detention at that snapshot, at that point of time, is going to be attributed to them. They do have a remedy, though, that district court judge. They can issue a warrant, correct? That's correct, Your Honor, and indeed, that is the safeguard that Congress built into the statute of the supervised release statute, 3583. That is something that favors you, the fact that under the government's reading, if someone is later released or the charges are dismissed, there is no tolling. So that if the charges are dismissed at the end of this detention and no credit is given, then there's no tolling, and the judge who sat on his or her rights of issuing a warrant loses out, correct? That is correct. That doesn't make much sense. If this statute was intended to read the way that Justice Alito suggested as a look-back statute, that wouldn't make much sense. Well, that is the point, Your Honor. Well, but it would still be – that's because there's no conviction that it can be in connection to, right? That is correct, because a conviction – No, that doesn't help you. No, but yes, actually, under our reading of the word conviction, under 3624e, it does help, because a conviction has to include a final judgment. Why? I mean, it doesn't say judgment of conviction. And quite often, after the prisoner or offender issues a guilty plea, he says, I'm guilty, and a jury may find him guilty, and sentencing may not take place for months. And when it finally does, then the judgment will enter.  Once he's pleaded guilty, or once the jury has convicted him, why is that not in connection with a conviction? It is not a connection in connection with a conviction as the term is used in 3624e, because 3624e deals with convictions that have final sentences. The government says that we should look at the difference between the phrase in connection with and the word after, which Congress could have used, and that we should draw some textual significance from that, and that that fits in with the larger purpose that Congress likely had in mind of not allowing double counting of time you're spent physically in prison, as Justice Ginsburg says, as counting a supervised release. So why shouldn't we draw some significance from the use of what's not used, which is the word after? Justice Kavanaugh, the reason why you would not use the word after is because when you have a conviction, and a conviction meaning a final judgment, then if you use the word after, you still have a period where the person was held in official detention prior to the entry of the judgment. And the statute has been interpreted in 3624 as requiring a conviction that also includes a judgment. Breyer, where is that? It doesn't say it in the language. So where do you get that from? I have – I get the word conviction means a final judgment. I know that's what you think, but – and I'm simply asking what support do you have for that, because it doesn't say it. No, it doesn't say it. However, using section 3624E, and indeed most of the sections under Chapter 229 of Title – of Title 18, that title is – is placed there to govern imprisonment. It governs sentences. It governs any action that takes place after a person has been adjudicated  There is no occasion in section 3624 where you could have a conviction that did not include a judgment, because at that point you have to have an imprisonment, because that's what this – that portion of the statute is what it uses. In addition – But this argument raised below, this part of the argument. This part of the argument was raised below, but it was not addressed by the – by the Sixth Circuit. The statutory – getting back to the conviction, in Lott v. United States, and this is in 1961, and Lott defined conviction as requiring a judgment. And Lott stated that a plea does not constitute a conviction. And there's never been any contradiction to Lott, and indeed, section – the old parole statutes in section 4241 define conviction specifically as – I mean, it defines conviction as a final judgment and a verdict or finding of guilt or plea, but does not include final judgment that's been expunged. Sotomayor What do you do with a situation that happens commonly in district court? And in fact, there are some statutes, I believe, I could be wrong, that require mandatory detention after a guilty plea or a jury finding. So someone can be out and the jury – there are some judges who do this routinely. The minute that you're convicted, they basically do a new bail hearing and put most people in. Would that, under your theory of the case, still not be imprisonment relating to the conviction? Your Honor, under 3143 of the Bail Reform Act, that particular section deals with official detention after a plea or a judgment of conviction with respect to a jury verdict. And it's still – you are still eligible for bond. You are still eligible to be released. And the concerns of pretrial detention or official detention are the same. It's flight risk. Granted that the standard of proof increases under 3143. You would then have to prove, by clear and convincing evidence, that you were not convicted. Breyer That's also true after a judgment of conviction  You might be released on bond pending appeal. Sotomayor That is true, Your Honor. But that is a much more difficult hurdle for a defendant to overcome because you basically have to prove that your case will be overturned. That's the standard, although it's not – I'm not articulating it correctly. That's what the practical standard is. You have to prove that you're going to be – you know, you're going to be found innocent of the claim. Official detention – the practical problems with applying official detention as imprisonment are that when a state court judge imprisons somebody for an alleged offense, and another defendant, who's also on supervised release, is charged with another offense, one of them is held in official detention, and the other is not held in official detention, the question becomes, does the person who is not held in official detention still have the ability to be supervised by their probation officer? The answer is yes. But the answer is also yes, that the person in detention can also be supervised by their probation officer. Therefore, the purposes of supervised release go on even if a person is held in official pretrial detention. Granted, all of the panoply of benefits from being a supervised releasee, which probation provides, cannot be met in prison, but a defendant who is in also a supervised release person has to report their arrest, they have to report their commitment, they have to report any type of contact they've had with law enforcement. And many times that has to happen while they are in official detention. And indeed, many of the local courts and local jails have the ability to have probation and other services that are available to people in official detention. Now, the government would have you believe that there's no, and in fact, the Sixth Circuit would have you believe that there is no supervision occurring while a person is in official detention. And that's simply not the case. And the majority of times, the probation officer is in contact with the local authorities, the local jails, and they can contact their supervised releasee and determine. And indeed, they're required to report back to their court to let the court know what the person is doing while they are on supervised release. Roberts. Well, it is a little different. I mean, the supervision is a lot easier if the person is in jail, right? That's correct. So, I mean, I understand your point. But it does seem to me that the imprisonment changes the obligations significantly under supervised release and alters the degree of supervision. It does alter the degree. I guess I would say I would think of the period that you're detained as being a lot more like the period you're being imprisoned than the period when you're out free and being supervised. As with respect to being held in custody, you are correct. It is similar to being imprisoned in a prison facility after sentencing. However, the ability for that person to receive a bond alters the dynamic with the probation officer. And indeed, when a person is charged with an offense in State court and they're also on supervised release, they are usually represented by counsel. So the purpose of supervised release, a person who is in prison serving a sentence can receive vocational training or any other sort of training. But I thought that the purpose of supervised release or parole was to see how that person would do in the outside world. I don't want to take up your rebuttal time, but. Yes. And if I can answer. What the difference is, though, is that when a person is in prison serving a sentence, they are eligible for a whole host of training and review. But that official detention period is not as significantly different as it is for the person who is out on bond who is also facing a supervised release violation because they're represented by counsel and they are not allowed to talk about the events and the reason why they are under indictment or have been charged with a crime. And I'd like to reserve the remainder of my time. Thank you. Thank you, counsel. Ms. Alexand. Mr. Chief Justice, and may it please the Court. Petitioner was not serving his Federal term of supervised release during the 10 months when he was sitting in State jail between his arrest and sentencing for new crimes. That conclusion follows from the plain text of Section 3624e, which broadly tolls in connection with a conviction. Ms. Alexand, whatever this is, I don't think it's really clear. I mean, you have in connection with. Justice Sotomayor says this. In connection with is a very broad phrase. But I guess on the other hand, how is it grammatically possible to say that a person is, is meaning is, suggesting currently is, imprisoned in connection with a conviction if the conviction hasn't occurred yet? The standard for legislative drafting is to phrase statutes in the present tense. And Congress reasonably The Petitionary Act says that the presumption is that it's the present tense, but Congress cannot do that. Yes. So go ahead and finish. Yes. Now, that's correct. But we know that Congress has, in at least one other statute that it passed at the same time in the Sentencing Reform Act, used the present tense to describe a period of tolling that where the tolling would be subject to a later determination. And Congress thought that present tense was an appropriate way to frame the statute there. It took the same approach in the statute as well. And the phrase in connection with indicates that Congress was not intending for the imprisonment to necessarily follow the conviction or result from the conviction. I mean, in connection with. As I say, I totally accept your point that it's very broad. But the question is whether it can effectively change the tense of the statute just because it's so broad. And that seems a strange way to read language to me. It's not changing the tense of the statute. The question is really at what moment of time does the inquiry have to occur. When do you have to decide whether the imprisonment was in connection with a conviction? And my friend on the other side takes the position that you have to know immediately, but the statute doesn't require that. Kagan. But doesn't it? Because let's go back a little bit in the statute. It says that the term doesn't run when the person is imprisoned in connection with a conviction. Right? So when doesn't the term run? The term doesn't run when the person is imprisoned in connection with a conviction, meaning that the conviction has to have occurred and the person has to have been imprisoned in connection with it. No? I disagree, Your Honor, because the phrase do not run is used to describe the period that will be considered the told period, but the fact that it's phrased in the present tense does not mean that the inquiry has to happen at the same time. The inquiry doesn't, but why don't you read the sentence as you think it really means it? Just read the sentence as you think it means it. What the sentence means is if you're No, no. Don't tell me what it means. Read it so that the language embodies what you think. Well, I mean, no matter how I read it. Okay. In which the person is imprisoned in connection with a conviction. He wasn't. He was imprisoned in connection with suspicion, probable cause, whatever the standard is, that he has committed a crime. That's not a conviction. So what I want you to do is read it, past, present, or future, in a way that embodies what you think. Your Honor, I would read the statute to say that at the moment that an inquiry into the tolling status of a period of imprisonment becomes necessary, at that moment you determine whether there is a statute. Sotomayor, wouldn't you draft the statute clearly, more clearly and in a different way if that's what Congress intended? As Justice Ginsburg, as Justice Kagan, my, now I've done it. As Justice Kagan has just said to you, there is ambiguity. Doesn't that ambiguity suggest that there is a clearer way to write this if that's what Congress intended? There may have been other language that Congress intended. They could, instead of imprisonment, they could have said for any period of detention. There are. I mean, what they could have said, I think, closer to what Justice Breyer was looking for, any period in which the person is considered to have been imprisoned in connection with a conviction. And I mean, the difficulty is that they're engaging in something of a legal fiction, because there's a conviction and the judge says, well, you're getting five years and we're going to start counting 10 months ago. I mean, the process of imposing the sentence sort of changes the nature of how the period has been counted. Now, I don't know which way that counts, but there seems to me there is a way to read it that's pretty close to the way it reads. Yes. I think there are different ways the statute could have been phrased. Well, my problem is I think it's unambiguous. And so the only way I can think of how to write it would have been, in connection with a crime in respect to which he was later convicted. That'll do it. I mean, that's, that's, but you wouldn't say, you see, that's why I'm looking. The Chief has come pretty close. Well, it's possible, although that, the formulation that Your Honor just proposed actually suggests that the toll would apply only to imprisonment that preceded the conviction. And Congress evidently wanted to make sure to have a more capacious understanding of the type of imprisonment that would qualify. And that makes sense in the context of the supervised release scheme, because supervised release and time imprisonment, imprisoned, they're ultimately incompatible States. And it made sense that Congress would want to limit the number of situations where a person would be deemed to be serving a term of supervised release while they were in custody. Well, your friend on the other side suggests that's not true, suggests that when you're in detention, that a lot of the features of supervised release can still continue. My understanding is that that's not, that's not correct, that the probation office generally treats pretrial detention as triggering tolling, that they are not capable of supervising defendants in, including in jail and pretrial detention in the way that they can on the outside. And there are a number of things that probation officers do when defendants are out in the community that are simply not possible in jail. Ordering drug testing, for example, asking the defendant to participate in certain types of community treatment. Roberts, I assume they do drug testing in prison on a pretty regular basis. They may, the jailing facility may well do that. But when a defendant is in jail, he is under the supervision of the jailing facility. He is subject to the restriction. Ginsburg, which may be different than the supervised release could be in one jurisdiction and the person is being held in detention someplace else. So does that, does the probation officer have access to that other jurisdiction in jail? It's a very awkward situation, Your Honor. In this case, we had a defendant who is in State jail, but he was also potentially under Petitioner's theory serving his term of Federal supervised release at the same time. So the question is, is the Federal probation officer really able to supervise the defendant in the way that he believes is necessary to execute the term of supervised release when, in fact, the defendant is under the jurisdiction of the State? Even under, am I right about this? That even under your view of the statute, you will run into that problem in certain situations. You'll run into it when the confinement is for fewer than 30 days and you'll run into it when the defendant ends up being acquitted. Isn't that right? Yes, that's correct. So why is this so different? Well, this is, the difference here is this is going to be a much larger swath of defendants. And the two exceptions that Congress decided to put into the tolling provision make some sense. The first, for short periods of detention, reflect a recognition that if a defendant is imprisoned for a short period of time, that may not disrupt his experience of supervised release. He may be able to continue transitioning into the community. It may not interfere with the probation officer's ability to supervise him. And then, if the defendant is imprisoned but it is not in connection with a conviction, Congress determined, perhaps as an exercise of legislative grace, to give that defendant some credit for that time served in jail, which the defendant would otherwise receive no sense of credit for. But why? The probation office determination or the judge's determination is by a preponderance of the evidence. An acquittal really doesn't tell you whether or not that defendant had successfully integrated into the community or not, because the judge could always hold a hearing and, by a preponderance of the evidence, find that he or she hadn't and still keep them longer, maybe until the earlier case is decided. But the point is that it seems to me that that acquittal, I don't understand the legislative grace or how you get it out of the language of this statute. It is true that a defendant who is acquitted or has charges dismissed may have also failed on supervised release, but Congress determined that it wasn't necessary to have automatic tolling in that circumstance. Perhaps Congress was concerned that there was a possibility that the defendant was jailed by mistake, or perhaps Congress wanted to do that. Sotomayor, if he wasn't and he was he would have been just as detained, why shouldn't the time under your reading be extended? Well, the difference for that defendant is that we know that defendant will get no credit against another sentence for his time in jail, whereas a defendant who is ultimately convicted will almost invariably get credit for that pre-sentencing potential. Justice Ginsburg. Can we just back up and explain how we get into this mess and why we need tolling? How does supervised release work? That is, in this case, the defendant failed to drug test while he was on supervised release. Nothing was done. He submitted another substance. Nothing was done about that. He was first charged with a marijuana offense in State court. Nothing was done about that. At what point does the judge blow the whistle on the supervised release? That's a matter for the sentencing judge has to determine at what point it becomes the defendant's noncompliance with supervised release rises to the level where it might warrant revocation proceedings. In this case, the judge determined to defer that decision until after the State prosecutions concluded, at least until the defendant was sentenced on those prosecutions, which is not uncommon. Often judges, Federal judges, when faced with a defendant who has been accused of a new crime, wants to see how that unfolds in the other jurisdiction before rushing to judgment perhaps on whether the defendant is or is not guilty of the offense. It would certainly be appropriate for the judge, the Federal judge, to make a determination before that if they chose to, but many of the judges want to wait and see what happens. And that's totally up to the individual judge. There are no guidelines for when the release person has done something that warrants putting him back in prison? There are guidelines. And I think when, in a case like this one where the defendant has violated criminal laws on supervised release, that's a serious violation that, as a general matter, should warrant revocation. But the question is the timing of the revocation and whether the revocation has to come immediately or whether the district court can potentially defer that adjudication to allow the parallel, the new criminal proceedings to unfold. In this case under a legislative grace argument, I think we have a choice between reading in connection with capaciously or reading it, I think you would characterize hypertextually. On the legislative grace argument, though, really undercuts the purpose that you say the capacious reading would serve. In other words, if Congress were really after the time that you spend in prison, then they wouldn't have created the, they would have made all of that not count. Do you understand? Yes, certainly Congress could have made that policy call. But the number of defendants who are jailed on charges and ultimately not convicted is actually a fairly small sliver compared to the- The purpose would still be served in that circumstance, correct? Yes, Your Honor. Yes. The supervised release would serve the same purpose. But it's, this is the line that Congress decided to draw. And it's clear from the statute that they thought a conviction was necessary here and that they wanted to leave out the other types of imprisonments. So this was, it was a reasonable policy call to make. It is, it does potentially mean that some defendants get a little bit of a benefit in terms of their supervised release outcome because they are spending less time out in the community under the supervision of the probation officer than their sentence dictated. But Congress determined that as a matter of policy, they wanted to draw that line. And why, what do you think the reasonable policy call is there? Can you explain why they would do it that way? It may be because I think the, the inference that I would draw is that Congress may have believed that a defendant who is jailed but not ultimately convicted has not necessarily failed on supervised release. In that circumstance, the supervised release scheme gives the Federal judge tools to determine whether it is nevertheless appropriate to revoke the defendant for that conduct. Even though by definition, the person would have been in jail for a longer, a potentially long period of time. It is, it is, it is certainly possible that, that, that they, the district court who sentenced them may determine that they require additional supervised release and that the, whatever put them in jail was in fact an indication that they were failing on supervised release and that they needed to have their supervised release revoked. In that context, the, the Federal judge would have the option of revoking supervised release, imposing a new sentence of imprisonment, and imposing more supervised release. I can see why it seems just unfair at a big picture level, but I guess I'm not seeing the policy call other than that. The question is just what the default should be. And Congress determined that for defendants who are convicted, the default should be that they have their supervised release terms told while they're in jail. For defendants who are not convicted, Congress set a different default. The default is no toll, is no tolling, but because of the supervised release scheme, the Federal judge has additional tools that he or she can deploy to potentially add on additional supervised release if necessary. Alitoson Suppose the defendant, while in the, while in pretrial detention, does something that would constitute a violation of the conditions of supervised release. Can that be the grounds for a revocation? If the status of the defendant's imprisonment was not at that time clear, if it was not yet clear whether the defendant was going to be imprisoned for more than 30 days in connection with a conviction, then the defendant would not, as a practical matter, be on supervised release in, while in pretrial detention, because it's possible that the supervised release term was not running. If it becomes clear. Alitoson So just, so in this case, the way you interpret what happened, if Mr. Mott had done that during the term of pretrial detention, that would not be a ground for revocation. That's correct, because, because at that point, when it, when it, when we have not yet determined whether the term of supervised release is running, then the defendant is, can't be subject to the terms of supervised release. And then later, it might turn out that the term of supervised release was running because he was not convicted. In that case, the defendant would get credit for that time against his supervised release term, but he would have not actually been under supervision during that period. Alitoson So would the district court during that time have jurisdiction to consider, to adjudicate an alleged violation that occurred before incarceration?  Alitoson Would it not be deprived of jurisdiction during that period? No, that's correct. And during any period in which the defendant's, the tolling status of a period of imprisonment is unclear, the district court's jurisdiction would not be unclear because the district court, as long as the supervised release term has not yet ended, would be able to adjudicate a violation that occurred before. Sotomayor So let's assume the following hypothetical. Defendant is arrested for drug charges. He's later acquitted, but while in jail, he now commits a drug offense. Your claim would be the district court can't find a violation in that situation because the period has been suspended. Alitoson Well, so under the Sotomayor He can't issue a warrant then. Alitoson Yes. So the defendant would have gotten supervised release credit for that period in pretrial detention because of his acquittal, but because it was not clear at that point whether a supervised release was running, the defendant can't be deemed to have been required. Sotomayor That's what renders the is-in-prison language a little bit suspect in this statute, because you're sort of looking backwards all the time. Alitoson There is Sotomayor Instead of looking at present moment, the suspension period starts 30 days after detention. You're looking forward. You're looking forward if you start counting it from whenever the conviction or the sentence happens. By the way, on that issue, that wasn't reached by the courts below. You did raise it below. Alitoson Your Honor, I think that we the rule in the court of appeals below was that they had the rule that we're advocating here, which is that pretrial detention or Sotomayor All right. So they didn't have to reach it. Alitoson Yes. Sotomayor And it wasn't argued. Alitoson Yes. No, we were Sotomayor Has any other court argued that point? Or I'm sorry, not argued. Addressed that issue and decided it? Alitoson The ninth Sotomayor There's at least two, Ninth Circuit and Alitoson Yes. Sotomayor And one other circuit who are on Petitioner's side. Have either of those two courts addressed this issue? Alitoson The Ninth Circuit, in one of their opinions on this issue, at least, they determined that in that case it was a very short period of imprisonment that followed the entry of the defendant's guilty plea. They determined that that was not in connection with a conviction in that case. So Sotomayor In that case, but they didn't address the legal question in full? Alitoson They made a quick, they had a quick discussion of it, but Sotomayor All right. So why should we be the first ones to address it? Assuming we disagree with you on the main point and agree with your adversary, why should we reach a question that hasn't been addressed fully by the courts below? Alitoson If this Court is addressing the question that the courts below addressed, which is the status of whether the imprisonment here was in connection with a conviction, under either understanding of what conviction could mean in the statute, the defendant's imprisonment here would qualify. Because certainly if the conviction means the entry of the guilty plea or the other Sotomayor No, no. I'm saying if we agree on the question with her on the question granted, why should we reach your alternative argument that once he entered a conviction, the detention change from security to imprisonment.  This is part of the question presented. The question presented asked the Court to determine the tolling status of the entire period of Petitioner's State detention. The Petitioner needs all of that period to have had his supervised release running during the entire period in order to get relief here. Roberts I guess I'm still struggling with that question. Is there a good reason, though, why we would be the court of first view rather than a court of review on the question of the effect of a guilty plea? Why wouldn't we let that percolate? You have yet to win a case below. It's yet to have been decided by this court of appeals in this case. Wouldn't our normal practice counsel waiting? That's one. Certainly the Court could do that. We, you know, again, we believe the line that this Court should draw on the question presented is an earlier line that would encompass the pretrial detention. I got that. But once the Court determines that that's not the appropriate line, presumably it will be answering the question of where the line falls. And to answer that question, the Court would have to determine whether the period between a guilty plea or verdict. Or we could remand it, right? The Court can certainly do whatever the Court wants to do. And I was just giving you an opportunity to tell me why we wouldn't do that. But if you don't want to, that's okay. No, no, I would say that the Court, I would urge the Court to decide the question because it is. Even if you lose that one, too? Well, maybe. Maybe not then. But I would also like to just address the fact that Petitioner's reading is in conflict with the text of the statute and with the statutory scheme that Congress has set up here. With respect to the text of the statute, the phrase, in connection with a conviction, is inherently broad, and it indicates that Congress intended for a broad range of imprisonment to toll supervised release. Not just imprisonment after a conviction, not just imprisonment as a result of a conviction. Congress has used that alternative language in other statutes. It chose not to use it here. And that decision has to be given meaning. In addition, because a defendant who is in jail will not be getting the full experience of supervised release, it makes sense that Congress would want to minimize the number of defendants who are in the condition of being deemed to be on supervised release while they were in custody. We also know that Congress, in the Sentencing Reform Act, determined that defendants should not be getting double credit for a time they serve in pre-sentencing confinement against another term of imprisonment. Giving the interpretation of the tolling statute that Petitioner is urging here would give defendants double credit. It would mean that all defendants in pretrial detention were also deemed to be on supervised release, which is a much larger interference with the supervised release scheme than the narrow exceptions suggest, and does mean that it would interfere as well with the double crediting system. We also have anomalous results that would occur if a term of supervised release was told during only part of a defendant's sentence for another crime. In that context, you can imagine the timing of a defendant's guilty plea would then have an effect on his supervised release outcome. So, for example, if you had two identically situated defendants who entered jail on the same day and ultimately received the same criminal sentence, they would have different supervised release outcomes if one of them pleaded guilty after two months of detention and the other pleaded guilty after six months. You could also imagine a situation where you have two identical defendants who go to jail on identical offenses in different jurisdictions. One jurisdiction happens to process cases more quickly than the other. The defendant who is in the fast-moving jurisdiction will have a different supervised release outcome than a defendant who is in a jurisdiction where the case is adjudicated more slowly. Sotomayor, I'm sorry. Roberts, that's just because they're going to have different periods of pre-conviction detention as well. Yes, Your Honor. But they will have the same period of imprisonment on their sentence. And to say that some but not all of that period is in connection with a conviction is very strange indeed. And it seems anomalous for defendants to get potentially a supervised release benefit or penalty. Well, and some sentencing judges may say you get credit for the time in pretrial detention and others would say you don't. I mean, if people in different situations have different consequences, I guess, including for supervised release, that doesn't seem particularly compelling. The other things seem more serious than that. Well, Your Honor, in terms of the crediting of pretrial detention, I'd like to note that it is actually in the large majority of jurisdictions it is required and automatic that your time in pretrial detention be credited to your sentence. That's the rule in the federal system. In 45 states and in the District of Columbia, there are five states that have potential for credit as well. It's not automatic in the same way. Could you tell me if there's a cost to filing a warrant by a judge? I mean, other than the administrative cost of ordering the warrant and it being lodged, is there something else that the judge would have to do or the system would have to do to affect that warrant or to keep it active? That would be a reason why a judge wouldn't just issue a warrant when someone's arrested? In theory, a judge could issue a warrant, but it's a little bit of an odd answer to the problem presented by the defendant who goes to jail during supervised release. And, in fact, the 3583i warrant procedure was not added to the statute until 1994, which is 10 years after Congress designed. Breyer, what would you want to say, if anything? Imagine you lose everything. Last desperate point, we'll decide it, and it says conviction. Now, your co-counsel argues conviction means the entry of a judgment of conviction, not when you plead guilty and not before sentencing or if they trial. What would you say in response to that? The statutory language indicates that conviction means the adjudication of guilt by plea or trial. You can look to the first sentence of 3624e, which is not the tolling provision, but it is an earlier part of the same statutory provision, where it refers to a sentence. And the fact that 3624e elsewhere uses the word sentence but decided to shift to the word conviction in the context of the tolling provision indicates that Congress intended to refer to a different moment, a different event in the criminal adjudicative proceedings. We also know in the Sentencing Reform Act that Congress regularly used the word conviction or convicted to refer to the state of being adjudicated guilty before the entry of a sentence. And it used often the term judgment of conviction or entry of judgment to refer to the later moment at which the judgment of conviction was entered. So the plain language of both 3624e itself and the larger statute of which it was a part indicate that conviction means the earlier moment in time. But even if a conviction referred to the judgment of conviction that happens in connection with the sentencing, a defendant is still imprisoned in connection with a conviction once he pleads guilty or is found guilty by a jury and is later detained, because that detention is at least in part to assure his appearance at sentencing and to ensure that he is there to receive the entry of the judgment of conviction that is largely certain at that point. And it also, at that point, his imprisonment becomes punitive because he no longer is subject to the presumption of innocence. So for all of those reasons, even, you know, whatever meaning this Court gives to conviction, certainly the period after his guilty plea would be told. We believe that the entire period of his imprisonment should be told, because all of the time that he served on his State sentence and is still serving on his State sentence is in connection with the State convictions that landed him in jail in the first place. So thank you. I would ask the Court to defer. Roberts. Thank you, counsel. Ms. Malone, you have four minutes remaining. Thank you. The government's reading of the statute has created such ambiguity that it is not workable. The conditions that supervised release persons are held continue while they are in official detention. That is true for Mr. Mott's case, for in the Northern District of Ohio, the chief probation officer has indicated that their supervision continues because the continuation of the probation officer's duties do not stop the moment a person is arrested. Those duties continue. And also, the probation officers are instructed to allow the courts information of what happens while a person is being held in pretrial detention in State courts. Oftentimes, probation officers have a relationship with the local courts. They are there and they understand that they have a concurrent case. What did they do here? Here? Yeah. Did they have any contact with the defendant? Did they reach out to the State court? Do we know whether they continued any of the functions of supervised release? In this case, Your Honor, the probation officer initially had contact with the State court when he was first indicted for the marijuana case, and he also had contact with the Mahoning County Jail when he was arrested in June. What if somebody is being held? After that time, I don't believe that there was any additional contact. I mean, what if somebody is being held in a jail where the sheriff says, this is my jail and I supervise the people here and I don't want any Federal probation officers messing around in my jail? Is that different? That may be different, but it does not disturb or affect the anticipation of the judge who is handling a supervised release case in knowing what's going on with their releasee. The judge would still like to know and the probation officers would still inform him, and at that point the probation officer would inform the judge that I can't have any contact. And often, as I said previously, contact is limited because a person is represented and they can't really participate in a lot of back-and-forth communications with somebody before they're adjudicated. And in addition, Justice Alito, you had a question about whether or not the grounds you could revoke somebody based upon the grounds that they violated supervised release while they were detained, and indeed they can, for the same reasons. If a person had drugs on them while they were in local jail, that not only would be a new offense under State law, but it would also be a violation of a supervised release, just as it would be if he was out in the public, because the probation officers still have the responsibility. Now, my friend here decided that, stated that when a case is, by the time the person is sentenced, then they know whether or not the official detention has been apportioned to their prison sentence. But you can't know that unless you have the backward-looking analysis under the statute, which just doesn't work. And thank you.